Williams Cedar, LLC
8 Kings Highway West, Suite B
Haddonfield, New Jersey 08033
(856) 470-9777
(888) 311-4899 fax
Alan H. Sklarsky, Esquire
Attorney for Plaintiffs
Attorney ID#: 014041978
asklarsky@WilliamsCedar.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN MORENO, | : | Civil Action No.: |
| Plaintiff | : | |
| v. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | : | |
| Defendant | : | |

**COMPLAINT**

Now comes Plaintiff, JOHN MORENO, a person of the full age of majority, residing at 37 Myrtle Ave., Keansburg, New Jersey, complaining of Defendant, says:

**NATURE OF ACTION**

1. This is a civil action for compensatory damages, economic and non-economic, arising from the negligent acts and omissions of Defendant as herein described resulting from breaches of the duties owed by Defendant to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, et seq. which resulted in significant personal injury to Plaintiff John Moreno.

## PARTIES

2. At all times relevant and material hereto, the Plaintiff, John Moreno, was an employee of the National Railroad Passenger Corporation, d/b/a Amtrak. (hereinafter collectively referred to as "Amtrak").

3. At all times relevant and material hereto, Defendant Amtrak is a corporation and a rail carrier pursuant to 49 U.S.C. §§24301 and 10102 and is qualified to do and doing business in the State of New Jersey. Amtrak's principal office and place of business is in the District of Columbia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. Sec 51, et seq. in that at all times relevant hereto, the rights and obligations of Plaintiff and Defendant for the work connected injury, illness or disease are governed by the Federal Employers' Liability Act.

5. At all times relevant and material hereto, Defendant Amtrak, was doing business within the jurisdiction of this court, as an interstate common carrier of rail and passengers.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the claim occurred in this district, in Middlesex County, New Jersey.

## STATEMENT OF FACTS

7. On or about April 28, 2021, Plaintiff was employed by Defendant Amtrak and was acting within the course and scope of his employment and duties for Amtrak and in the furtherance of interstate commerce, at which time he was injured due to unsafe

conditions and actions existing at the workplace and in connection with the work he was directed to perform.

8. On or about April 28, 2021, Plaintiff, John Moreno, was in the course of his employment with Defendant Amtrak, as a Bridge and Building ("B&B") Foreman on B&B Gang 0133.

9. The accident giving rise to this lawsuit occurred at Mile Post 36.6 in New Brunswick, New Jersey.

10. On the afternoon of April 28, 2021, Plaintiff was assigned the task of re-sleeving a 42-inch culvert, which first required that he stabilize the culvert to keep it from sliding, floating, or bowing.  In order to stabilize the culvert, Plaintiff had to squat inside the 42-inch culvert and maneuver a large, unwieldly water bladder into place to prevent the culvert from floating out of position.  Because of the extremely cramped condition inside the 42-inch culvert, Plaintiff's knee popped as he attempted to turn around.

11. Plaintiff was injured while engaged within the scope of his employment with Amtrak as a direct and proximate result of Defendant's negligence.

12. The incident caused Plaintiff to suffer serious injuries to his left knee, inter alia.

## CLAIMS

### Count I: Negligence

13. Plaintiff incorporates the allegations contained in all preceding paragraphs as if fully restated herein.

14. Plaintiff's accident, injuries, and damages as herein described resulted from breaches of the duties owed by Defendant to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, et seq. as follows:

(a) Amtrak failed to provide Plaintiff with a safe place in which to work;

(b) Amtrak failed to properly warn Plaintiff of the dangers inherent in the place where he is assigned to work, specifically the cramped conditions inside the 42-inch culvert;

(c) Amtrak failed to adhere to its non-delegable duty to ensure adequate safety of its employees while working;

(d) Amtrak failed to refrain from requiring Plaintiff to perform his job in cramped, confined, dark, and awkward areas, specifically inside the 42-inch culvert;

(e) Amtrak failed to properly train Plaintiff to perform the duties of his employment in a safe manner;

(f) Amtrak failed to promulgate and enforce proper and safe rules for safely conducting the work and operation of its railroad;

(g) Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

(h) Other acts and/or omissions which will be demonstrated at the trial of this matter.

15. Plaintiff's injuries resulted solely from the negligence of Defendant as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

16. As a result of the aforesaid events, Plaintiff sustained serious and permanent physical injuries and disability to his left knee, inter alia. Furthermore, Plaintiff has suffered and will in the future suffer great physical pain and mental anguish. Plaintiff has lost and, in the future, will lose substantial time from employment with substantial loss of earnings therefrom. Plaintiff has incurred, and will in the future, incur substantial expenses for medical and related treatment.

17. As a further direct result of this accident and the negligence of Defendant Amtrak as set forth herein, Plaintiff has suffered and will continue in the future to suffer, great physical and mental pain and anguish, all to his great detriment, for which he is entitled to be compensated.

18. As a further direct result of this accident and the negligence of Defendant Amtrak as set forth herein, Plaintiff has been prevented and may in the future be prevented, from attending to his usual and daily activities, occupations, duties, and avocations all to his great detriment and loss.

19. As a further direct result of this accident and the negligence of Defendant Amtrak as set forth herein, Plaintiff has been obliged and may in the future be obligated to expend large sums of money for medicine, medical treatment, and care, hospitalization, surgery and medical attention all in an attempt to treat and cure the injuries which he sustained in this accident, and all to his great financial detriment.

20. As a result of the aforesaid events, Plaintiff sustained serious physical injuries, and has suffered, and will continue to suffer into the future great physical pain and mental anguish.  Plaintiff's earning capacity has been impaired, and Plaintiff has lost, and may in the future lose substantial time from employment with a significant loss of earnings therefrom.

**WHEREFORE**, Plaintiff, John Moreno, demands judgment for damages against Defendant, National Railroad Passenger Corporation, d/b/a Amtrak, together with interest from date of judgment until paid, costs and such other relief as this Court shall deem appropriate and just.

**WILLIAMS CEDAR, LLC**

Dated: /s/ *Alan H. Sklarsky*

Alan H. Sklarsky, Esquire
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

      PLEASE TAKE NOTICE that Plaintiffs hereby demand trial by jury on all issues set forth herein.

**WILLIAMS CEDAR, LLC**

Dated:                                    */s/ Alan H. Sklarsky*

                                            Alan H. Sklarsky, Esquire
                                            Attorney for Plaintiff

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

Undersigned counsel certifies that there are no actions pending involving the same subject matter of this controversy.  Undersigned counsel further certifies that there are no additional known parties who should be joined to the present action at this time.

I certify the foregoing to be true and I am aware that if any of the above is willfully false, I am subject to punishment.

WILLIAMS CEDAR, LLC

Dated:                                             */s/Alan H. Sklarsky*

Alan H. Sklarsky, Esquire<br>Attorney for Plaintiff

## CERTIFICATION PURSUANT TO L. CIV. R. 7.1.1 DISCLOSURE STATEMENT

Pursuant to Local Civil Rule 7.1.1, Plaintiff states that no person or entity that is not a party is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the result of the litigation or (2) a non-monetary result that is not in the nature of a personal or bank loan, or insurance.

WILLIAMS CEDAR, LLC

Dated:                                             */s/Alan H. Sklarsky*

Alan H. Sklarsky, Esquire<br>Attorney for Plaintiff